UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN JAY HUMPHREY,

                                      Plaintiff,

      v.                                                                5:12-CV-212
                                                                                (NAM/ATB)

US GOVERNMENT,

                                      Defendant.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN JAY HUMPHREY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      On January 30, 2012, plaintiff, John Jay Humphrey, filed another in a lengthy line of civil actions. This action was filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and plaintiff has included a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2). For the reasons below, this court will recommend dismissal *with prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**I.**    <u>*In Forma Pauperis* ("IFP") Application</u>

      A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

      In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II.     Bar Order

Before the court analyzes the merits of this case under the section 1915 standard, it is noted that on February 10, 2012, U.S. District Court Judge Glenn T. Suddaby issued an Order, barring this plaintiff from filing any further actions in the Northern District of New York without permission from the court. *See Humphrey v. Court Clerk for the U.S. Supreme Court*, No. 5:11-CV-938 (N.D.N.Y. Feb. 10, 2012). The Bar Order resulted after I issued a decision on August 12, 2011, recommending dismissal of 11-CV-938 as frivolous. (Dkt. No. 4 in 5:11-CV-938).

Notwithstanding plaintiff's attempt to file an "interlocutory appeal"[1] from my Order and Report-Recommendation, Judge Suddaby adopted my recommendation, dismissed the action, and ordered plaintiff to show cause why he should not be barred as an abusive litigant from filing further actions in this court without court approval. (Dkt. No. 7 in 5:11-CV-938).  Plaintiff filed a response, but on February 10, 2012, Judge Suddaby issued the Bar Order, prohibiting plaintiff from filing further *pro se* actions in the Northern District of New York without court approval. (Dkt. No. 10 in 5:11-CV-938).

Although plaintiff has now been barred from filing *pro se* actions, Judge Suddaby's Bar Order was filed after plaintiff filed the instant action.  Thus, I will not base this recommendation of dismissal on the Bar Order, but will analyze the merits under section 1915.  In addition, this court's review of plaintiff's current complaint reemphasizes the propriety of Judge Suddaby's Bar Order.

---

[1] Plaintiff's appeal was dismissed by the Second Circuit for lack of jurisdiction on February 16, 2012. (Dkt. No. 11 in 5:11-CV-938).

3

**III.     Complaint**

In this civil rights complaint, plaintiff is attempting to sue the "US Government" because plaintiff claims that 42 U.S.C. § 1983 is "unconstitutional." (Compl. at p.2). Plaintiff is still angry because in December of 2002, he attempted to sue the Onondaga County Sheriff's Department after an apparently warrantless search of plaintiff's home. The 2002 case was dismissed, in part,[2] because municipal liability under 42 U.S.C. § 1983 requires that the constitutional violation occur as the result of a "policy or custom" of the municipality. *Humphrey v. Onondaga County Sheriff's Dep't*, 5:02-CV-1524 (N.D.N.Y. Jan. 14, 2003). Despite giving plaintiff the opportunity to file an amended complaint in that case, the court found that plaintiff did not properly state a claim under section 1983. *Id.* On January 25, 2005, the Second Circuit affirmed the dismissal of plaintiff's action. *Humphrey v. Onondaga County Sheriff's Dep't*, No. 03-7220 (2d Cir. Jan. 25, 2005).

Plaintiff has been unhappy with that decision ever since, and has attempted to reassert the same claim several times in various forms.[3] In addition to suing

---

[2] Plaintiff also named the apartment complex as a defendant, and Senior Judge Neal P. McCurn dismissed that part of the case for failure to allege state action by the private defendant as required under section 1983. (Dkt. No. 5 in 5:02-CV-1524 at p.2).

[3] *See Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-1102 (N.D.N.Y. Nov. 16, 2007) (dismissed *sua sponte* as time-barred), *aff'd*, No. 07-5281 (2d Cir. March 12, 2008) (dismissed *sua sponte* as frivolous); *Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-721 (N.D.N.Y. July 20, 2007) (dismissed *sua sponte* as time-barred); *Humphrey v. Onondaga County Sheriff's Dep't.*, 02-CV-1524 (N.D.N.Y. Jan. 10, 2003) (dismissed *sua sponte* for failure to state a claim after court allowed an amendment), *aff'd*, No. 03-7220 (2d Cir. Jan. 25, 2005). This is not a complete recitation of plaintiff's actions in the Northern District of New York. Judge Suddaby's Bar Order listed all nineteen of plaintiff's prior Northern District of New York actions in a footnote. *See Humprey v. Court Clerk for the U.S. Supreme Court*, No. 5:11-CV-938 (Dkt. No. 10 at 9-10 n.12) (citations omitted). Judge Suddaby also noted that seventeen of those nineteen actions were dismissed either for failure to state a claim or as frivolous. *Id.*

Onondaga County, he began to sue the courts that dismissed his cases and the Clerks of the Court who handled his documents. *See e.g. Humphrey v. Court Clerk NDNY*, 5:05-CV-1159 (N.D.N.Y.)  United States District Court Judge Norman A. Mordue dismissed that case *sua sponte* in October of 2005.

When his attempts to sue the courts failed, plaintiff began naming the United States Government as a defendant.  In 2004, plaintiff brought the identical claim that he brings in this action. *See Humphrey v. US Government*, No. 5:04-CV-145 (N.D.N.Y.)  In that case, plaintiff alleged that the defendant "failed to uphold the US Constitution," and that the Government's enactment of section 1983 violates the constitution. (Dkt. Nos. 1, 4 in 5:04-CV-145).  Plaintiff also claimed that the 11th Amendment was "unconstitutional." (Dkt. No. 4 in 5:04-CV-145 at ¶ 23).  Senior District Court Judge Howard G. Munson dismissed the action *sua sponte*, finding in particular, that plaintiff failed to state a claim, challenging section 1983. (Dkt. No. 5 in 5:04-CV-145 at 3).

Judge Munson held that a federal court could not determine the constitutionality of a law unless the determination involved the rights of parties in an actual case or controversy pending before the court. *Id.*  Judge Munson quoted extensively from *United State v. Raines*, 362 U.S. 17, 20 (1960), in which the Supreme Court stated the principle that

> "[t]he very foundation of the power of the federal courts to declare Acts of Congress unconstitutional lies in the power and duty of those courts to decide cases and controversies properly before them. . . . This Court, as is the case with all federal courts, 'has no jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies.

5

Judge Munson then held that there was no such "actual controversy' in Mr. Humphrey's case because there was no underlying dispute to which the challenged provision was applicable. (Dkt. No. 5 in 5:04-CV-145 at 4). Instead, as in this case, plaintiff was simply unhappy that he was unsuccessful in a prior section 1983 action and "seeks to abolish the laws that hindered his actions." *Id.* However, "any challenges to the constitutionality of the statute should have been raised, if at all, in those prior proceedings." *Id.* Judge Munson's decision was affirmed by the Second Circuit on June 22, 2005. *Humphrey v. United States Government*, No. 04-2825 (2d Cir. June 22, 2005).

The law has not changed since plaintiff brought the same action in 2004.[4] If plaintiff believed that section 1983 was unconstitutional, he should have raised it in the initial action in 2002. No amount of rewriting, refiling, or naming different defendants will change the court's decision. The fact that plaintiff continues to bombard the court with repetitive litigation such as this case further reinforces Judge Suddaby's decision to bar plaintiff from further *pro se* filings. This court recommends dismissal with prejudice of plaintiff's action as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-(ii).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**

---

[4] The court also notes that in 2008, plaintiff filed another action against the Onondaga County Sheriff's Department and Kimbrook Manor, complaining about the same incident that was dismissed *sua sponte* by Judge David N. Hurd based *inter alia* on the running of the statute of limitations. *Humphrey v. Onondaga County Sheriff's Dep't*, 5:08-CV-753 (N.D.N.Y. July 21, 2008). Plaintiff's appeal was dismissed as frivolous. *Humphrey v. Onondaga County Sheriff's Dep't*, No. 08-3762 (2d Cir. Oct. 17, 2008).

**FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED** *SUA SPONTE* **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, the court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: February 21, 2012

                                                      Hon. Andrew T. Baxter
                                                      U.S. Magistrate Judge